OPINION
Defendant Bruce Byron Mayle appeals a judgment of the Court of Common Pleas of Morgan County, Ohio, which convicted and sentenced him for one count of possession of cocaine in violation of R.C. 2925.11, and one count of use of drug paraphernalia in violation of R.C. 2925.14. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A PRISON TERM IN LIGHT OF THE LEVEL OF THE OFFENCE [SIC] AND THE RECOMMENDATION OF THE ADULT PAROLE AUTHORITY IN ITS PRESENTENCE INVESTIGATION.
 II. THE TRIAL COURT'S FINDING THAT FAILURE TO GIVE A PRISON SENTENCE WOULD DEMEAN THE SERIOUSNESS OF THE OFFENCE [SIC] AND WOULD NOT ADEQUATELY PROTECT THE PUBLIC WAS ARBITRARY, CAPRICIOUS, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The record indicates appellant was convicted of possessing a crack-cocaine pipe with crack residue. The residue in the pipe was less than .1 gram. The matter was tried before a jury, and after conviction, the court referred the matter to the Adult Parole Authority for a pre-sentence investigation. As a result of the pre-sentence investigation, the Adult Parole Authority recommended community sanctions, including placement in a community based correction facility for a term of six months. Instead, the court chose to sentence appellant to ten months in a state penial institution.
 I and II
The Ohio Legislature greatly restructured Ohio's sentencing scheme on July 1, 1996, by amending R.C. 2929.01 et seq. As appellant points out, the overriding purpose of the criminal sentencing statutes is to punish the offender while protecting the public from future crime. R.C. 2929.12 lists factors which the court must consider in evaluating the seriousness of the offense, as well as the mitigating factors. The sentencing guidelines, set forth in R.C. 2929.13, contain eight factors the sentencing court should consider. Appellant asserts the court did not evaluate the various factors which apply to the instant case appropriately, and appellant's sentence is excessive, particularly given the Adult Parole Authority's recommendation. Accordingly, appellant asserts the court's sentence is arbitrary, capricious, and against the manifest weight of the evidence.
In State v. Untied (March 5, 1998), Muskingum App. No. CT97-0018, unreported, this court had occasion to review the provisions of R.C. 2953.08 as they pertain to appeals of sentencing. In Untied, supra, the appellant appealed the imposition of a prison sentence in lieu of a less restrictive community control sanction. In that case, we noted R.C. 2929.12
contains relevant factors the trial court must consider when reviewing an offender's conduct. In Untied, we found the factors are intended to guide the sentencing court's discretion to achieve a more consistent result, but nevertheless, sentencing remains within the trial court's discretion.
In Untied, we found R.C. 2953.08, dealing with sentences allegedly contrary to law, does not provide for an expanded ground for appeal. Defendants have always had the right to appeal a sentence contrary to law. Nevertheless, an appellate court is not required to review each sentence pursuant to each and every factor listed in the guidelines. In Untied, we found appellant was not given the maximum sentence for either of the charged felony offenses, and we found his sentence was not contrary to law, nor was it an abuse of discretion.
We have reviewed the record, and we find the trial court's sentence was within the time authorized by statute for offenses of this kind. We find the sentences are not arbitrary, capricious nor against the manifest weight of the evidence nor contrary to law. Beyond this evaluation, this court will not review the trial court's consideration on all the factors it weighed in reaching its decision.
Both assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Reader, J., concur
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.